IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| TIANA BATISTE-WADDELL, | ) | CAUSE NO. 1:22-cv-1327 |
| Plaintiff | ) | Judge: |
| | ) | Magistrate |
| vs. | ) | |
| | ) | |
| SOUTH BEND COMMUNITY SCHOOL | ) | |
| CORPORATION | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, named-above, complains of act and omissions to act by the Defendant. In support of her Complaint and as cause of action against Defendant, Plaintiff respectfully submits the following:

### JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000 et. seq., and 42 U.S.C. § 1981 both as amended by the Civil Rights Act of 1991.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and amended complaint on August 10, 2021, and September 12, 2021 respectfully, and plaintiff received a notice of right to sue on or about June 1, 2022.

### PARTIES

3. Plaintiff is an African-American female and at all relevant times she resided in the Northern District of Indiana.

4. South Bend Community School Corporation is a corporation doing business in the State of Indiana in the Southern District of Indiana.

### FACTS

5. Plaintiff began her employment for the Defendant during the 1999 – 2000 school year.

6. Over time, the Plaintiff sought and was awarded various positions.

7. In March 2018, the Plaintiff was selected to serve as the principal of Jackson Middle School for the 2018-2019 school year.

8. Plaintiff served as principal for Jackson Middle School during 2018, 2019, 2019-2020, and 2020-2021 school years.

9. Plaintiff performed her job well.

10. Plaintiff continued to be promoted to different positions for the past 20-plus years.

11. Plaintiff reported to the Assistant Superintendent, Brandon White ("White") and the Director of School of Learning, Diamond Robinson ("Robinson").

12. On December 17, 2020, Plaintiff met with White and Robinson for an evaluation.

13. Plaintiff was informed by Defendant that her score of "need improvement" was based on her conversation between Plaintiff and Robinson, and a report that the Defendant received from another teacher.

14. Between January 2021 – February 2021, Plaintiff was excluded from board meetings pertaining to the PLTW award recognizing principals, instead she was replaced by her male colleague, Brandon White.

15. On or about February 18, 2021, Plaintiff was placed on paid administrative leave by Defendant.

16. Defendant informed Plaintiff that the decision to place her on paid administrative leave was temporary and would last no longer than necessary to address questions concerning Plaintiff's alleged conduct.

17. Defendant demanded that Plaintiff take a drug test via police escort.

18. Demanding employees to take a drug test via police escort is not the normal procedure that is requested by Defendants when putting employees on administrative leave.

19. On or about February 18, 2021, Plaintiff filed an internal complaint of discrimination, harassment, retaliation, and hostile work environment.

20. On April 20, 2021, the Defendant contact Plaintiff via letter to inform the Plaintiff that Plaintiff is being re-assigned to Rise-Up Academy.

21. Defendant never informed Plaintiff why she was being re-assigned to Rise-Up.

22. Plaintiff was informed that her new position would no longer be a principal, but instead Plaintiff's title would become an Administrative on Assignment.

23. On or about June 3, 2021, the HR Director, Rene Sanchez conducted an interview with Plaintiff to gather facts about the original allegations against the Plaintiff.

24. A prompt investigation was not conducted.

25. Plaintiff was treated less favorable than white employees.

26. Plaintiff was treated less favorable than male employees.

27. On or about January 2021, the Defendant placed principal, Jenny Mast on administrative leave.

28. Principal, Jenny Mast was placed on administrative leave due to inappropriate behavior and conduct.

29. Jenny Mast is a white female.

30. Jenny Mast was restored back to her position as a principal in less than thirty (30) days.

31. Jenny Mast was never asked to take a drug test.

32. In 2021, principal, Chris Berg allowed an outside agency to come into the Defendant's school building to teach students about abortion matters.

33. Plaintiff does not believe that he was ever placed on administrative leave for his inappropriate conduct and behavior.

34. Chris Berg is a white male.

35. Plaintiff believes that if Chris Berg was placed on administrative leave he was restored back to his position as a principal in less than thirty (30) days.

36. Chris Berg was never asked to take a drug test.

37. Plaintiff's position as a principal was replaced by a male employee, while Plaintiff was on administrative leave

38. Plaintiff remained on administrative leave for approximately eleven months.

39. Plaintiff remained on administrative leave from February 2021 until she resigned from the position.

40. On or about January 5, 2022, Plaintiff resigned.

## COUNT I

41. Plaintiff incorporates by reference paragraphs 1-40.

42. Defendant, as a result of discriminating against Plaintiff due to her race violated Title VII 42 U.S.C. § 2000 et al.

## COUNT II

43. Plaintiff incorporates by reference paragraphs 1-40.

44. Defendant, as a result of discriminating against Plaintiff due to her race violated 42 U.S.C. § 1981.

## COUNT III

45. Plaintiff incorporates by reference paragraphs 1-40.

46. Defendant, as a result of creating a harassing and hostile work environment based on Plaintiff's race violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VI

47. Plaintiff incorporates by reference paragraphs 1-40.

48. Defendant, as a result of creating a harassing and hostile work environment based on Plaintiff's race violated 42 U.S.C. § 1981.

## COUNT VII

49. Plaintiff incorporates by reference paragraphs 1-40.

50. Defendant, as a result of retaliating against Plaintiff based on race for engaging in protected activity violated Title 42 U.S.C. § 2000 et al.

## COUNT XI

51. Plaintiff incorporates by reference paragraphs 1-40.

52. Defendant, as a result of retaliating against Plaintiff based on race for engaging in protected activity violated 42 U.S.C. § 1981.

## COUNT XII

53. Plaintiff incorporates by reference paragraphs 1-40.

54. Defendant, as a result of retaliating against Plaintiff based on gender for engaging in protected activity violated Title 42 U.S.C. § 2000 et al.

## COUNT IV

55. Plaintiff incorporates by reference paragraphs 1-40.

56. Defendant, as a result of discriminating against Plaintiff due to her gender violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VIII

57. Plaintiff incorporates by reference paragraphs 1-40.

58. Defendant, as a result of creating a harassing and hostile work environment based on Plaintiff's gender violated Title VII 42 U.S.C. § 2000 et al.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff any back pay and benefits lost.

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.

C. Award Plaintiff punitive damages.

D. Award Plaintiff liquidated damages.

E. Award Plaintiff her costs in this action and reasonable attorney fees.

F. Grant Plaintiff any and all other relief which is allowable under the circumstances of this case.

Respectfully submitted,

**Law Office of Deidra N. Haynes**

/s/ Deidra N. Haynes
Deidra N. Haynes, # 28968-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by jury.

Respectfully submitted,

/s/ Deidra N. Haynes
Deidra N. Haynes, # 28968-49

Deidra N. Haynes, #28968-49
Law Office of Deidra N. Haynes, LLC
7007 Graham Road, Suite 102 Indianapolis, Indiana 46220
Tel: 317-982-7396