**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| TIANA BATISTE-WADDELL, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) CASE NO.: 3:22-cv-00540-JD-MGG |
| SOUTH BEND COMMUNITY SCHOOL | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant South Bend Community School Corporation ("SBCSC"), by counsel, responds to Plaintiff's Complaint for Damages as follows:

### JURISDICTION

1.      This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000 et. seq., and 42 U.S.C. § 1981 both as amended by the Civil Rights Act of 1991.

**ANSWER**:  Defendant admits that jurisdiction is appropriate under the cited statutes.  Defendant denies any remaining allegation in Paragraph 1 of the Complaint.

2.      Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and amended complaint on August 10, 2021, and September 12, 2021 respectfully, and plaintiff received a notice of right to sue on or about June 1, 2022.

**ANSWER**:  Defendant admits that Plaintiff filed with the EEOC.  Defendant is without sufficient information to confirm or deny if or when Plaintiff received a notice of right to sue, thus deny.

1

## **PARTIES**

3.    Plaintiff is an African-American female and at all relevant times she resided in the Northern District of Indiana.

**ANSWER**:  Admit.


4.    South Bend Community School Corporation is a corporation doing business in the State of Indiana in the Southern District of Indiana.

**ANSWER**:  Deny.

## **FACTS**

5.    Plaintiff began her employment for the Defendant during the 1999 – 2000 school year.

**ANSWER**:  Admit.

6.    Over time, the Plaintiff sought and was awarded various positions.

**ANSWER**:  Admit.

7.    In March 2018, the Plaintiff was selected to serve as the principal of Jackson Middle School for the 2018-2019 school year.

**ANSWER**:  Admit.

8.    Plaintiff served as principal for Jackson Middle School during 2018, 2019, 2019-2020, and 2020-2021 school years.

**ANSWER**:  Admit.

9.    Plaintiff performed her job well.

**ANSWER**:  Deny.

10.    Plaintiff continued to be promoted to different positions for the past 20-plus years.

**ANSWER**:  Deny.

11.    Plaintiff reported to the Assistant Superintendent, Brandon White ("White") and the Director of School of Learning, Diamond Robinson ("Robinson").

> **ANSWER**:  Admit that the individuals named were supervisors, in addition to others. Deny all other allegations and implications.

12.    On December 17, 2020, Plaintiff met with White and Robinson for an evaluation.

> **ANSWER**:  Admit.

13.    Plaintiff was informed by Defendant that her score of "need improvement" was based on her conversation between Plaintiff and Robinson, and a report that the Defendant received from another teacher.

> **ANSWER**:  Defendant is unsure as to which event Plaintiff is referring and since there were multiple events and multiple issues, denies the allegation.

14.    Between January 2021 – February 2021, Plaintiff was excluded from board meetings pertaining to the PLTW award recognizing principals, instead she was replaced by her male colleague, Brandon White.

> **ANSWER**:  Deny.

15.    On or about February 18, 2021, Plaintiff was placed on paid administrative leave by Defendant.

> **ANSWER**:  Admit.

16.    Defendant informed Plaintiff that the decision to place her on paid administrative leave was temporary and would last no longer than necessary to address questions concerning Plaintiff's alleged conduct.

**ANSWER**:  Admit that Plaintiff was placed on paid administrative leave.  Deny the characterization of that leave and any other allegations.

17.     Defendant demanded that Plaintiff take a drug test via police escort.

**ANSWER**:  Admit that based on Plaintiff's erratic and hostile behavior, a drug test was requested. Deny all other allegations.

18.     Demanding employees to take a drug test via police escort is not the normal procedure that is requested by Defendants when putting employees on administrative leave.

**ANSWER**:  Admit that Plaintiff's behavior was not normal and thus required requests that were not in the norm.  Deny all other implications, characterizations and allegations.

19.     On or about February 18, 2021, Plaintiff filed an internal complaint of discrimination, harassment, retaliation, and hostile work environment.

**ANSWER**:  Admit that an internal complaint was filed on or about February 21, 2021. Deny all other allegations.

20.     On April 20, 2021, the Defendant contact Plaintiff via letter to inform the Plaintiff that Plaintiff is being re-assigned to Rise-Up Academy.

**ANSWER**:  Admit.

21.     Defendant never informed Plaintiff why she was being re-assigned to Rise-Up.

**ANSWER**:  Deny.

22.     Plaintiff was informed that her new position would no longer be a principal, but instead Plaintiff's title would become an Administrative on Assignment.

**ANSWER**:  Admit.

23.     On or about June 3, 2021, the HR Director, Rene Sanchez conducted an interview with Plaintiff to gather facts about the original allegations against the Plaintiff.

**ANSWER**:  Admit.

24.     A prompt investigation was not conducted.

**ANSWER**:  Deny.

25.     Plaintiff was treated less favorable than white employees.

**ANSWER**:  Deny.

26.     Plaintiff was treated less favorable than male employees.

**ANSWER**:  Deny.

27.     On or about January 2021, the Defendant placed principal, Jenny Mast on administrative leave.

**ANSWER**:  Admit that Mast was placed on administrative leave.  Deny all other allegations.

28.     Principal, Jenny Mast was placed on administrative leave due to inappropriate behavior and conduct.

**ANSWER**:  Deny.

29.     Jenny Mast is a white female.

**ANSWER**:  Admit.

30.     Jenny Mast was restored back to her position as a principal in less than thirty (30) days.

**ANSWER**:  Deny.

31.     Jenny Mast was never asked to take a drug test.

**ANSWER**:  Defendant is without sufficient information to confirm or deny whether Mast was *ever* asked to take a drug test, thus deny.

32.    In 2021, principal, Chris Berg allowed an outside agency to come into the Defendant's school building to teach students about abortion matters.

**ANSWER**:  Defendant is without sufficient information to admit or deny, thus deny.

33.    Plaintiff does not believe that he was ever placed on administrative leave for his inappropriate conduct and behavior.

**ANSWER**:  Defendant does not know what Plaintiff believes.  Berg was not placed on leave.  Deny all other allegations.

34.    Chris Berg is a white male.

**ANSWER**:  Admit.

35.    Plaintiff believes that if Chris Berg was placed on administrative leave he was restored back to his position as a principal in less than thirty (30) days.

**ANSWER**:  Defendant does not know what Plaintiff believes.  Berg was not placed on leave.  Deny all other allegations.

36.    Chris Berg was never asked to take a drug test.

**ANSWER**:  Defendant is without sufficient information to confirm or deny whether Berg was *ever* asked to take a drug test, thus deny.

37.    Plaintiff's position as a principal was replaced by a male employee, while Plaintiff was on administrative leave.

**ANSWER**:  Admit.

38.    Plaintiff remained on administrative leave for approximately eleven months.

**ANSWER**:  Admit.

39.    Plaintiff remained on administrative leave from February 2021 until she resigned from the position.

**ANSWER**:  Admit.

40.    On or about January 5, 2022, Plaintiff resigned.

**ANSWER**:  Admit.

## COUNT I

41.    Plaintiff incorporates by reference paragraphs 1-40.

**ANSWER**:   Defendant incorporates its answers to paragraphs 1 through 40 of the Complaint as if stated herein.

42.    Defendant, as a result of discriminating against Plaintiff due to her race violated Title VII 42 U.S.C. § 2000 et al.

**ANSWER**:  Deny.

## COUNT II

43.    Plaintiff incorporates by reference paragraphs 1-40.

**ANSWER**:   Defendant incorporates its answers to paragraphs 1 through 40 of the Complaint as if stated herein.

44.    Defendant, as a result of discriminating against Plaintiff due to her race violated 42 U.S.C. § 1981.

**ANSWER**:  Deny.

## COUNT III

45.    Plaintiff incorporates by reference paragraphs 1-40.

**ANSWER**:   Defendant incorporates its answers to paragraphs 1 through 40 of the Complaint as if stated herein.

46.     Defendant, as a result of creating a harassing and hostile work environment based on Plaintiff's race violated Title VII 42 U.S.C. § 2000 et al.

**ANSWER**:   Deny.

## COUNT VI[1]

47.     Plaintiff incorporates by reference paragraphs 1-40.

**ANSWER**:   Defendant incorporates its answers to paragraphs 1 through 40 of the Complaint as if stated herein.

48.     Defendant, as a result of creating a harassing and hostile work environment based on Plaintiff's race violated 42 U.S.C. § 1981.

**ANSWER**:   Deny.

## COUNT VII

49.     Plaintiff incorporates by reference paragraphs 1-40.

**ANSWER**:   Defendant incorporates its answers to paragraphs 1 through 40 of the Complaint as if stated herein.

50.     Defendant, as a result of retaliating against Plaintiff based on race for engaging in protected activity violated Title 42 U.S.C. § 2000 et al.

**ANSWER**:   Deny.

## COUNT XI

51.     Plaintiff incorporates by reference paragraphs 1-40.

**ANSWER**:   Defendant incorporates its answers to paragraphs 1 through 40 of the Complaint as if stated herein.

---

[1] Plaintiff's  Complaint goes from Count III to Count VI, skipping Counts IV and V.  Defendant believes this to be a harmless clerical error and numbers the responses in conjunction with Plaintiff's Complaint.

52.    Defendant, as a result of retaliating against Plaintiff based on race for engaging in protected activity violated 42 U.S.C. § 1981.

**ANSWER**:   Deny.

## COUNT XII

53.    Plaintiff incorporates by reference paragraphs 1-40.

**ANSWER**:   Defendant incorporates its answers to paragraphs 1 through 40 of the Complaint as if stated herein.

54.    Defendant, as a result of retaliating against Plaintiff based on gender for engaging in protected activity violated Title 42 U.S.C. § 2000 et al.

**ANSWER**:   Deny.

## COUNT IV

55.    Plaintiff incorporates by reference paragraphs 1-40.

**ANSWER**:   Defendant incorporates its answers to paragraphs 1 through 40 of the Complaint as if stated herein.

56.    Defendant, as a result of discriminating against Plaintiff due to her gender violated Title VII 42 U.S.C. § 2000 et al.

**ANSWER**:   Deny.

## COUNT VIII

57.    Plaintiff incorporates by reference paragraphs 1-40.

**ANSWER**:   Defendant incorporates its answers to paragraphs 1 through 40 of the Complaint as if stated herein.

58.    Defendant, as a result of creating a harassing and hostile work environment based on Plaintiff's gender violated Title VII 42 U.S.C. § 2000 et al.

**ANSWER**:   Deny.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.      Award Plaintiff any back pay and benefits lost.

B.      Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.

C.      Award Plaintiff punitive damages.

D.      Award Plaintiff liquidated damages.

E.      Award Plaintiff her costs in this action and reasonable attorney fees.

F.      Grant Plaintiff any and all other relief which is allowable under the circumstances of this case.

**ANSWER:**   SBCSC denies it is liable to Plaintiffs in any way, and denies Plaintiff is entitled to any of the relief requested above.

## ADDITIONAL DEFENSES

1.      Defendant denies every allegation, whether expressed or implied, that is not unequivocally or specifically admitted in this Answer.

2.      Plaintiff's claims fail, in whole or in part, because the Plaintiff fails to state a claim for which relief may be granted.

3.      Plaintiff's negligence claims are subject to principles of comparative fault and/or contributory negligence.

4.      Plaintiff has failed to mitigate damages, if any.

5.      Defendant's liability, if any, is limited to the limitations set forth in Ind. Code § 34-13-3-4.

6.     Insofar as Plaintiff seeks exemplary or punitive damages, such damages are barred under Ind. Code § 34-13-3-4 and federal law.

7.     Defendant does not consent to trial by jury of any issue not required to be tried by a jury, including the determination of any equitable remedy.

8.     Defendant is not liable under the doctrines of accord and satisfaction, laches, estoppel, waiver, failure of consideration, and fraud.

9.     Defendant has failed to comply with the Claims Against Public Schools Act.

10.    Emotional damages are not recoverable in this type of action.

11.    Defendant reserves the right to amend this list.

WHEREFORE, Defendant, the South Bend Community School Corporation, by counsel, respectfully requests Plaintiff takes nothing by way of her Complaint, that judgment is entered in favor of Defendant, and that Defendant is awarded costs of this action and any and all other just and proper relief.

Respectfully submitted,

  /s/ Amy Steketee Fox
Amy Steketee Fox
Attorney No. 25112-53
CHURCH CHURCH HITTLE + ANTRIM
203 West Wayne St., Suite 402
Fort Wayne, IN 46802
260-399-9490
afox@cchalaw.com

Kevin W. Vanderground
Attorney No. 26627-64
CHURCH CHURCH HITTLE + ANTRIM
8585 Broadway, Suite 770
Merrillville, IN 46410
219-796-0082
kvanderground@cchalaw.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 9, 2022, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system and a copy of the foregoing which sent notification of such filing to the following:

Deidra N. Haynes
The Law Office of Deidra N Haynes
7007 Graham Rd Ste 102
Indianapolis, IN 46220
317-982-7396
deidrahaynes@dnhlawllc.com

                           /s/ Amy Steketee Fox
                           Amy Steketee Fox #25112-53